```
                                                              FILED
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA       99 JUL 28 PM 2: 37
                     SOUTHERN DIVISION
                                                 U.S. DISTRICT COURT
                                                 N.D. OF ALABAMA
LARRY O. PARKS,                    )
                                   )
     Plaintiff,                    )
                                   )
vs.                                )    CV 99-BU-0916-S
                                   )
THE BOARD OF TRUSTEES OF THE       )
UNIVERSITY OF ALABAMA, et al.,     )    ENTERED
                                   )
     Defendants.                   )    JUL 28 1999
                                   )
```

## MEMORANDUM OPINION

This case is presently pending before this Court on Motion to Dismiss filed by the Board of Trustees of the University of Alabama (hereinafter "the Board") on behalf of itself and Defendant University of Alabama at Birmingham (hereinafter "UAB"). (Doc. 7) Defendants ask this Court to dismiss the Equal Pay Act ("EPA") and Age Discrimination in Employment ("ADEA") claims brought against Defendants by Plaintiff Larry O. Parks on the ground that these claims are barred by Defendants' Eleventh Amendment immunity. Defendants also seek to dismiss Mr. Parks's Title VII constructive discharge claim on the ground that the allegations in the Complaint are insufficient to state a claim.

Based on the Court's review of the arguments of the parties and the law applicable to the issues raised, the Motion to Dismiss is due to be granted in part and denied in part.

I.  MOTION TO DISMISS STANDARDS

When considering a motion to dismiss, this Court must liberally construe the Complaint in favor of Plaintiff, viewing all material allegations as true. *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998)(citing *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998)). "A court may dismiss a complaint 'only if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). The reason for such a liberal construction of the Complaint is that, at this early stage of the litigation, the issue is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Davis v. Monroe County Board of Education*, 120 F.3d 1390, 1393 (11th Cir. 1997)(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)).

II.  DISCUSSION

A.  EQUAL PAY ACT CLAIM

Defendants ask this Court to dismiss Mr. Parks's Equal Pay Act claim on the ground this claim is barred by Defendants' Eleventh Amendment immunity. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been interpreted to provide states with sovereign immunity in federal court, absent consent to be sued or abrogation of their

immunity by a valid exercise of Congressional authority. *Seminole Tribe v. Florida*, 517 U.S. 44, 54-55, 116 S. Ct. 1114, 1122-23, 134 L. Ed. 2d 252 (1996).

In support of their Motion to Dismiss, Defendants cite this Court to *Larry v. Board of Trustees*, 996 F. Supp. 1366, (N.D. Ala. 1998), which held that the State has Eleventh Amendment immunity from Equal Pay Act suits. This Court notes that the *Larry* decision is currently pending before the Eleventh Circuit Court of Appeals. Moreover, the appeal in the *Larry* case has been consolidated for appeal with an appeal from the Middle District of Georgia, *Belch v. Board of Regents of University System of Georgia*, 27 F. Supp. 2d 1341 (M.D. Ga. 1998). The *Belch* Court held that the State does **not** enjoy Eleventh Amendment immunity from EPA suits. *Id.* at 1350.

This Court also notes that the Circuit Courts of Appeal that have addressed this issue have unanimously held that States do not have Eleventh Amendment immunity from EPA suits, because the Equal Pay Act was an express abrogation of the states' immunity and a valid exercise of Congressional authority pursuant to section 5 of the Fourteenth Amendment. *Anderson v. State University of New York*, 169 F.3d 117 (2d Cir. 1999); *Ussery v. State of Louisiana on Behalf of Louisiana Department of Health & Hospitals*, 150 F.3d 431 (5th Cir. 1998); *Varner v. Illinois State University*, 150 F.3d 706 (7th Cir. 1998); *Timmer v. Michigan Department of Commerce*, 104 F.3d 833 (6th Cir. 1997). This Court agrees with the aforesaid Circuit Courts of Appeal and with the Northern District of Georgia. Defendants' Motion to Dismiss Mr. Parks's EPA claim is due to be denied.

2. ADEA CLAIM

Defendants contend that Plaintiff's ADEA claim is due to be dismissed on the

ground that this claim is barred by Defendants' Eleventh Amendment immunity.

The Eleventh Circuit Court of Appeals, in a divided decision, held, "States are entitled to immunity from suits by private citizens in federal court under the ADEA." *Kimel v. State of Florida Board of Regents*, 139 F.3d 1426, 1433 (11th Cir. 1998). The Court notes that the United States Supreme Court has granted the writ of certiorari review. *Kimel v. State of Florida Board of Regents*, 119 S. Ct. 901, 902 (1999). However, this decision, until and unless it is reversed by the Supreme Court or overruled by the Eleventh Circuit Court of Appeals *en banc*, is binding upon this Court. *See walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998). Therefore, Defendants' Motion to Dismiss Mr. Parks's ADEA claim is due to be granted.

The Court finds that the dismissal of Plaintiff's ADEA claim is appropriate for 54(b) certification. Rule 54(b) provides, "When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). This Court notes that making the Order final with regard to the ADEA claim serves judicial administrative interests and the relevant equitable concerns of the parties. Particularly, this Court decision, *supra*, denying the Motion to Dismiss as to the EPA claim is immediately appealable. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, 113 S. Ct. 684, 689, 121 L. Ed. 2d 605 (1993)("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."). It would

indeed encourage piecemeal proceedings to have Defendants appeal one portion of this Court's Order, while requiring Mr. Parks to await a trial on the merits before allowing his appeal of the same Order. Resolution of Defendants' immunity with regard to both claims necessarily will involve similar, if not identical, issues regarding the scope of the Eleventh Amendment. Moreover, resolution of the immunity issues does not require a determination of disputed factual issues. Therefore, this Court finds that there is no just reason for delay in the interest of sound judicial administration and the Court's decision dismissing Plaintiff's ADEA claim will be certified as final pursuant to fed. R. Civ. P. 54(b). *See Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 166-67 (11th Cir. 1997).

C.  CONSTRUCTIVE DISCHARGE

Defendants contend that the Complaint fails to state a claim for constructive discharge. Specifically, Defendants contend that the allegations in ¶ 13 of the Complaint are insufficient to allege that Mr. Parks was constructively discharged. The Complaint states:

> On July 28, 1997, Mr. Parks was summoned to the office of Jennie Craft and was interrogated and accused of filing in quality control charts after the fact and showing favoritism to a particular employee who plaintiff supervised. As Mr. Parks felt that he could not work for or with someone who questioned his honesty and integrity, plaintiff submitted his resignation on July 29, 1997.

Doc. 1, ¶ 13.

The Eleventh Circuit Court of Appeals has held:

> [W]hen an employee involuntarily resigns in order to escape intolerable and illegal employment requirements to which he or she it subjected because of race, color, religion, sex, or national origin, the employer has committed a constructive discharge in violation of Title VII. Moreover, a plaintiff must demonstrate that [his or her] working conditions were so intolerable that a

reasonable person in [the plaintiff's] position would be compelled to resign. *Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993)(internal quotations and citations omitted). Whether the employment conditions were "intolerable" is a question of fact. *Id.* at 756.

Applying the standard for deciding a Motion to Dismiss, this Court finds that it is not clear that no relief could be granted under **any** set of facts that could be proved consistent with the allegations. The Complaint sets forth the event that prompted Mr. Parks to resign; however, it does not detail Mr. Parks's employment conditions. It is possible, though the Court doubts that it is probable, that the conditions of the meeting in Ms. Crafts office were so intolerable that a reasonable person, in Mr. Parks's position, would have been compelled to resign. Mr. Parks should be given the opportunity to submit evidence to support this claim.

Therefore, the Motion to Dismiss the constructive discharge claim is due to be denied.

III. CONCLUSION

Based on the foregoing, the Motion to Dismiss is due to be granted as to Plaintiff ADEA claim. The Motion to dismiss is due to be denied as to Plaintiff's Equal Protection Claim and Title VII constructive discharge claim. The dismissal of Plaintiff's ADEA will be certified as final pursuant to Fed. R. Civ. P. 54(b).

DONE this 28th day of July, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE